UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, as Subrogee of THOMAS LAPORTE<br><br>VERSUS<br><br>ELECTROLUX HOME PRODUCTS, INC. AND CONN APPLIANCES, INC. | CIVIL ACTION<br><br>NO. 14-CV-444-SDD-RLB<br>C/W 14-CV-496-SDD-RLB<br><br><br><br>Pertains to No. 14-cv-444 |

## ORDER

Before the court are Electrolux Home Products, Inc.'s Motion to Dismiss or Alternatively, Motion for a More Definite Statement filed on July 23, 2014 (R. Doc. 3); Conn Appliances, Inc.'s Motion to Dismiss or Alternatively, Motion for a More Definite Statement filed on August 1, 2014 (R. Doc. 5); and Plaintiff's Agreed Motion for Consent Order and for Leave to File its Second Amended Petition filed on August 1, 2014 (R. Doc. 7).

This action was filed by Foremost Insurance Company Grand Rapids ("Foremost" or "Plaintiff") in state court against Electrolux Home Products, Inc. ("Electrolux") and Conn Appliances, Inc. ("Conn") (collectively, "Defendants"). According to its Amended Petition filed in state court, Foremost seeks to recover from the Defendants certain insurance proceeds paid to, or on behalf of, Thomas Laporte for fire damage to his home. (R. Doc. 1-4, "Amended Petition"). Foremost asserts that a dryer purchased by Mr. Laporte's tenant, Holly Hildebrand, caused the underlying fire either because the dryer was defective or improperly installed. (Amended Petition ¶¶ 3-6). Foremost is seeking recovery from Electrolux (the manufacturer of the dryer) and Conn (the installer of the dryer) under various products liability and general

negligence theories. (Amended Petition ¶¶ 7-8). Foremost asserts that the Defendants knew or should have known of the dryer's alleged defects. (Amended Petition ¶ 9).

After removing the action on July 17, 2014 (R. Doc. 1), the Defendants filed their respective Motions. The Defendants primarily seek dismissal of their claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Electrolux seeks dismissal of the claims raised against it on the basis that the Amended Petition provides insufficient factual allegations for recovery pursuant to the Louisiana Products Liability Act, La. R.S. § 9:2800.1 *et seq*, ("LPLA") or under general negligence theories. (R. Doc. 3-1 at 4-8).[1] Similarly, Conn seeks dismissal of the claims raised against it on the basis that the Amended Petition provides insufficient factual allegations for recovery pursuant general negligence theories and the Plaintiff has not alleged facts supporting the allegation that Conn had knowledge of any defect with the dryer. (R. Doc. 5-1 at 3-4).

Both Defendants alternatively move for a more definite statement pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. (R. Doc. 3-1 at 8-9; R. Doc. 5-1 at 5).

On August 13, 2014, the Plaintiff filed, on behalf of itself and the Defendants, an "Agreed Motion for Consent Order and for Leave to File Its Second Amended Petition." (R. Doc. 7). The Agreed Motion represents that the parties have agreed to the following resolution of the Defendants' Motions:

a. Foremost agrees that a Consent Order may be issued by which the pending Motions to Dismiss or Alternatively, Motion for a More Definite Statement are granted but which also allows Foremost to file its Second Amended Petition for Damages. A proposed order for this purpose is attached.

---

[1]Electrolux further argues that the Plaintiff's general negligence claim fails because the exclusive theories of liability against manufacturers sued for product liability are supplied solely by the LPLA. (R. Doc. 3-1 at 8).

b. The Parties have agreed to conduct a joint evidence examination of the subject dryer and related artifacts harvested from the scene within the next sixty (60) days, on or before October 10, 2014.

c. Within fourteen (14) days thereof, or on or before October 24, 2014, Plaintiff, Foremost, has agreed to file its Second Amended Petition for Damages in order to voluntarily provide a more definite statement of its claims.

(R. Doc. 7at 2-3). The Agreed Motion specifically seeks leave of court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for the Plaintiff to file its Second Amended Petition for Damages on or before October 24, 2014. (R. Doc. 7 at 3).

Based on the foregoing Agreed Motion, the court will grant the relief requested by the parties.

**IT IS ORDERED** that Plaintiff's Agreed Motion for Consent Order and for Leave to File its Second Amended Petition (R. Doc. 7) is **GRANTED.** Plaintiff is granted leave to file its Second Amended Petition, on or before October 24, 2014, without further motion. Defendants retain all rights to refile motions challenging the sufficiency of the Second Amended Petition. The parties may conduct a joint evidence examination of the subject dryer and related artifacts harvested from the scene as agreed to by the parties prior to the filing of the Second Amended Petition.

**IT IS FURTHER ORDERED** that Defendant Electrolux's Motion to Dismiss or Alternatively, Motion for a More Definite Statement (R. Doc. 3) is **GRANTED** to the extent it seeks, in the alternative to dismissal, that the Plaintiff provides a More Definite Statement pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. The parties have agreed that the relief granted to Electrolux is that Plaintiff will file a Second Amended Petition.

**IT IS FURTHER ORDERED** that Defendant Conn's Motion to Dismiss or Alternatively, Motion for a More Definite Statement (R. Doc. 5) is **GRANTED** to the extent it

seeks, in the alternative to dismissal, that the Plaintiff provides a More Definite Statement pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. The parties have agreed that the relief granted to Conn is that Plaintiff will file a Second Amended Petition.

Signed in Baton Rouge, Louisiana, on September 24, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**